IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JAMES BRIAN CLARK                                                      PLAINTIFF

V.                             CASE NO. 3:20-CV-03062

ROBERT ALLEN, Public Defender;
TONY ROGERS, Prosecuting Attorney;
ROBERT S. PARKS, Public Defender; and
TONY PIRANI, Public Defender                          DEFENDANTS

**OPINION AND ORDER**

James Brian Clark ("Clark"), currently an inmate of the Carroll County Detention Center ("CCDC"), filed this *pro se* civil rights action under 42 U.S.C. § 1983. Clark proceeds *in forma pauperis* ("IFP"). The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I.     BACKGROUND**

According to the allegations of the Complaint (Doc. 1), Clark is incarcerated in the CCDC awaiting trial. *Id.* at 3. Clark maintains he is being misrepresented by public defenders Robert Allen, Robert Parks, and Tony Pirani. *Id.* at 4. Clark indicates there have been unfair mental accusations. *Id.* Clark attached to his Complaint a letter dated August 31, 2020, from Tony Pirani in which he indicates he has filed a notice of intent to rely on mental disease or defect in Clark's cases and has petitioned the court for both a fitness-to-proceed examination as well as a criminal-responsibility examination. *Id.* at 8-

1

9.  Clark contends prosecuting attorney Tony Rogers has made malicious claims based on false reports and biased accusations. *Id.* at 4. Clark further alleges Tony Rogers has used every excuse not to allow Clark's bond to be reduced and has denied him a fast and speedy trial. *Id.* at 5. Clark also appears to indicate he has been maliciously stalked by gangs. *Id.* at 4.

## II.    LEGAL STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff, however, must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se plaintiff requires no special legal training to recount the facts

2

surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

### III.  DISCUSSION

Public Defenders Robert Allen, Robert Parks, and Tony Pirani represented, or currently represent, Clark in his pending criminal proceedings. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Public Defenders Allen, Parks, and Pirani do not act under color of state law while representing Clark in his criminal proceedings. *Polk Cnty. v. Dodson*, 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings"). Thus, Public Defenders Allen, Parks, and Pirani are not subject to suit under § 1983. No cognizable claim is stated against these Defendants.

Clark's claims against Prosecutor Tony Rogers must be dismissed because prosecutors are immune from suit. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431, (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (prosecutor acting as an advocate for

3

the state in a criminal prosecution is entitled to absolute immunity). Clark has failed to allege Prosecutor Rogers engaged in any conduct other than actions taken in connection with his duties as a prosecuting attorney. Accordingly, Prosecutor Rogers is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (county prosecutors were entitled to absolute immunity from suit).

## IV. CONCLUSION

For the foregoing reasons, Clark's claims against Defendants are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

**The dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

**IT IS SO ORDERED** on this 9th day of October, 2020.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

4